MICHAEL C. GHIZZONI, COUNTY COUNSEL
LISA A. ROTHSTEIN, SR. DEPUTY (Bar No. 201611)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA  93101
(805) 568-2950  /  FAX:  (805) 568-2983
lrothst@co.santa-barbara.ca.us
Attorneys for Defendants
COUNTY OF SANTA BARBARA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KENNETH RICHARD BARBER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA BARBARA;<br>SHERIFF BILL BROWN; KENNETH<br>CALLAHAN; SGT. OSBORNE; SGT.<br>ESPINOZA; CPRL. ALEXANDER;<br>C.O. MARKING; LT. LAMMER; SGT.<br>MAYNARD; C.D. REES; C.D. LANE;<br>C.D. ORTEGA; C.D. ALVAREZ; SGT.<br>CARNETT; 2 UNKNOWN NURSES; 1<br>UNKNOWN PSYCHIATRIST;<br>SEVERAL UNKNOWN OFFICERS;<br>CD APPLE; 1 MAINTENANCE<br>WORKER; AND C.D. DIAZ,<br><br>Defendants. | Case No: CV 13-4645 DMG (MRW)<br><br>**COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Assigned Magistrate Judge:  Hon. Michael R. Wilner<br>Courtroom:  H – 9th Floor |

Defendant  COUNTY  OF  SANTA  BARBARA  (hereinafter  "County"),

answers plaintiff's Second Amended Complaint for Damages as follows:

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1.  Answering Paragraph 1, County admits that plaintiff is an inmate confined at the Calipatria State Prison and that during his incarceration at the Santa Barbara County Jail, plaintiff complained of feces in his cell from March 13 to April 20, 2012.  As to the remainder of the paragraph, this Paragraph contains conclusions of law and not averments of fact to which an answer is not required.  Insofar as a response is required, however, County denies each and every allegation contained therein.

2.  Answering Paragraph 2, the County admits the statements in this paragraph.

3.  Answering Paragraph 3, the County admits the statements in this paragraph.

4.  Answering Paragraph 4, no response is required, because the Court ruled in its April 18, 2014 order that the Second Amended Complaint did not warrant service on parties other than the County.

5.  Answering Paragraph 5, no response is required, because the Court ruled in its April 18, 2014 order that the Second Amended Complaint did not warrant service on parties other than the County.

6.  Answering Paragraph 6, no response is required, because the Court ruled in its April 18, 2014 order that the Second Amended Complaint did not warrant service on parties other than the County.

7.  Answering Paragraph 7, no response is required, because the Court ruled in its April 18, 2014 order that the Second Amended Complaint did not warrant service on parties other than the County.

8.  Answering Paragraph 8, the County admits that plaintiff was incarcerated at County Jail from March 2010 to August 2012.  The County denies plaintiff's incarceration was almost entirely in a single man isolation cell, and denies that isolation cells are under 24 hour camera observation.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT
2.

9.   Answering Paragraph 9, the County does not have sufficient information or knowledge to form a belief to enable it to answer this paragraph and on that ground, denies each and every allegation contained therein.

10.   Answering Paragraph 10, the County admits that correctional staff walk through the jail hourly to confirm the health and safety of the inmates. The County denies each and every remaining allegation contained therein.

11.   Answering Paragraph 11, the County admits that plaintiff complained about odors in his cell, and admits that Officer Diaz participated in cleaning plaintiff's cell.  The County denies each and every remaining allegation contained therein.

12.   Answering Paragraph 12, the County denies that all officers knew of the inhumane conditions of confinement, and the County denies that there were inhumane conditions of confinement.

13.   Answering Paragraph 13, the County does not have sufficient information or knowledge to form a belief regarding these allegations and on that ground, denies each and every allegation contained therein.

14.   Answering Paragraph 14, the County does not have sufficient information or knowledge to form a belief regarding these allegations and on that ground, denies each and every allegation contained therein.

15.   Answering Paragraph 15, the County admits plaintiff sustained a head injury.  The County further admits that because jail staff suspected his head injury resulted from a fight with another inmate, he was housed in a single person cell upon his return from the hospital.  The County denies each and every remaining allegation.

16.   Answering Paragraph 16, County denies generally and specifically all allegations in this paragraph.

17.   Answering Paragraph 17, the County admits that plaintiff filed grievance # 03339, a documents which speaks for itself and is attached to

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT
3.

Plaintiff's Second Amended Complaint.  As to the remainder of the paragraph, the County does not have sufficient information or knowledge to form a belief to enable it to answer this paragraph and on that ground, denies each and every allegation contained therein.

18.  Answering Paragraph 18, the meaning of the allegation is unclear and on that basis, the County denies the statement.

19.  Answering Paragraph 19, the County denies Sgt. Maynard responded the grievance.  The response by Sgt. Miranda speaks for itself and is attached to plaintiff's Second Amended Complaint.  The County denies plaintiff has no responsibility to clean his cell.  The County does not have sufficient information or knowledge to form a belief to enable it to answer the remaining allegations in this paragraph and on that ground, denies each and every remaining allegation contained therein.

20.  Answering Paragraph 20, the County admits that Lt. Lammer signed the grievance.

21.  Answering Paragraph 21, the County admits the allegations in this paragraph.

22.  Answering Paragraph 22, the County admits the allegations in this paragraph.

23.  Answering Paragraph 23, the County admits Sgt. Maynard replied to grievance 03386.  The document speaks for itself and is attached to plaintiff's Second Amended Complaint.

24.  Answering Paragraph 24, the meaning of the allegation is unclear and on that basis, the County denies the statement.

25.  Answering Paragraph 25, the County admits that sometime prior to 4/9/12, Larry Thole was placed in NWI #23.  The County denies the remaining allegations in this paragraph.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

26.  Answering Paragraph 26, the County denies the allegations in this paragraph.

27.  Answering Paragraph 27, the County denies the allegations in this paragraph.

28.  Answering Paragraph 28, the County does not have sufficient information or knowledge to form a belief to enable it to answer regarding the date or details of the incident. The County admits a discipline report was written regarding Mr. Thole flooding his cell and hallway.

29.  Answering Paragraph 29, the meaning of the allegation is unclear and on that basis, the County denies the statement.

30.  Answering Paragraph 30, the meaning of the allegation is unclear and on that basis, the County denies the statement.

31.  Answering Paragraph 31, the County admits that jail staff shut off inmate Tholes' water for a few hours after he flooded his cell, and admits that due to the flooding, jail staff was required to clean up urine and feces that were in the flooded water.  The County does not have sufficient information or knowledge regarding what plaintiff asked Officer Ortega at this time, to admit or deny this allegation. The County denies that the urine and feces were on the floor of the isolation unit for any extended period.  The County denies each and every remaining allegation.

32.  Answering Paragraph 32, the County does not have sufficient information or knowledge to form a belief to enable it to answer the allegations in this paragraph.

33.  Answering Paragraph 33, the County admits there is a maintenance closet in the area of NWI cells #21 - #24.  The County denies each and every remaining allegation.

34.  Answering Paragraph 34, the County admits that Mr. Thole had to be showered by jail staff after flooding his cell.  The County does not have

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT

5.

sufficient information or knowledge regarding who supplied the soap to admit or deny this allegation. The County denies each and every remaining allegation.

35.  Answering Paragraph 35, the County admits that plaintiff requested and obtained a hearing regarding his conditions of confinement on April 16, 2012.

36.  Answering Paragraph 36, the County admits that plaintiff saw a doctor at the Santa Barbara Health Care Center.  The Chart Document on this visit, attached to plaintiff's complaint, speaks for itself.  The County does not have sufficient information or knowledge regarding what plaintiff was suffering from to admit or deny that allegation.

37.  Answering Paragraph 37, the County admits plaintiff filed a grievance on 4/16/12.  The document speaks for itself and is attached to plaintiff's Second Amended Complaint.  The County admits plaintiff was not given a new cell, however Mr. Thole was moved to a different cell.

38.  Answering Paragraph 38, the County admits petitioner's cell was power-sprayed on or about April 20, 2012.  The County denies there had been feces in the cell prior to the power-spray. The County does not have sufficient information or knowledge to determine whether Sgt. Espinoza looked at the cell after it was power-sprayed.

39.  Answering Paragraph 39, the County admits a hearing was held on or about April 23, 2012 and admits that photos were taken of plaintiff's cell.  The County does not have sufficient information or knowledge regarding what occurred at the hearing to admit or deny remaining allegations.

40.  Answering Paragraph 40, the County does not have sufficient information or knowledge regarding what occurred at the hearing to admit or deny remaining allegations.  The County admits that County Counsel did not concur that there was feces in plaintiff's vent.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

41.  Answering Paragraph 41, the paragraph contains no allegations to which a response is required.

42.  Answering Paragraph 42, the County does not have sufficient information or knowledge regarding what conversation occurred between Officer Lane and the plaintiff on April 18, 2012 to admit or deny these allegations.

43.  Answering Paragraph 43, the County does not have sufficient information or knowledge regarding what occurred between Officer Reer and Mr. Thole on April 19, 2012 to admit or deny these allegations.

44.  Answering Paragraph 44, the County admits that Mr. Thole was in cell #22 for 3 days that overlapped plaintiff's time in cell #21.  The County denies that the tables of the two cells are connected – rather, there is a concrete cinderblock wall between them.  The County also denies that the cells are connected by vents and more than all the cells are connected by duct work that runs throughout the jail.  The County does not have sufficient information or knowledge to form a belief to enable it to answer the remaining allegations in this paragraph and on that ground, denies each and every remaining allegation contained therein.

45.  Answering Paragraph 45, the County admits that plaintiff filed a grievance # 03468 on 4/27/12.  As to its contents, the document speaks for itself.

46.  Answering Paragraph 46, the County lacks sufficient information regarding what Plaintiff thought to admit or deny the allegation that he thought he was being retaliated against.  The County denies that any action by jail staff was a form of retaliation for any prior lawsuit.

47.  Answering Paragraph 47, the County admits that plaintiff filed a grievance on 4/28/12.  The document, which is attached to plaintiff's Second Amended Complaint, speaks for itself.  The County does not have sufficient

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

information or knowledge to form a belief to enable it to answer the remaining allegations in this paragraph and on that ground, denies each and every remaining allegation contained therein.

48.   Answering Paragraph 48, the County does not have sufficient information or knowledge to enable it to answer allegations regarding whether an unnamed inmate occupied a cell near the plaintiff during the time period alleged, the state of his cell when he was removed from it, or the way any smell from the cell impacted plaintiff and on this basis denies all allegations in this paragraph.

49.   Answering Paragraph 49, the County admits Juan Uribe was in NWI cell #24 for a period of time that overlapped with plaintiff's time in NWI cell #21.  The County does not have sufficient information or knowledge to form a belief to enable it to answer the remaining allegations in this paragraph and on that ground, denies each and every remaining allegation contained therein.

50.   Answering Paragraph 50, the County does not have sufficient information or knowledge to enable it to answer allegations regarding what Mr. Thole claimed or how plaintiff responded. The County denies that Officer Reer smashed Thole's glasses and kicked them into a pile of feces.

51.   Answering Paragraph 51, the County denies that any action by jail staff was a form of retaliation for any prior lawsuit.

52.   Answering Paragraph 52, the County denies that inhumane conditions of confinement existed at the County Jail and on that basis, denies all allegations in this paragraph.

53.   Answering Paragraph 53, the County admits that plaintiff filed the grievances attached to his Second Amended Complaint.  The County denies that any grievances were ignored.  The County has insufficient information or knowledge to form a belief to enable it to answer the remaining allegations and on that ground, denies each and every allegation contained therein.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

54.  Answering Paragraph 54, the County admits that plaintiff complained to different officers about his conditions of confinement.  The County does not have sufficient information or knowledge to form a belief to enable it to answer the remaining allegations in this paragraph and on that ground, denies each and every remaining allegation contained therein.

55.  Answering Paragraph 55, the County denies all allegations in this paragraph.

56.  Answering Paragraph 56, the County admits that plaintiff filed the grievances attached to his Second Amended Complaint and complained to officers.  The County denies all remaining allegations in this paragraph.

57.  Answering Paragraph 57, the County denies all allegations in this paragraph.

58.  Answering Paragraph 58, the County denies all allegations in this paragraph.

59.  Answering Paragraph 59, the County admits that it is responsible for training and supervision of its employees working at the County Jail.  The County admits that its policies and customs must conform to legal requirements.  The County asserts that "a certain amount of moral integrity" is too vague a qualification on which to base an admission or denial and on that basis denies the allegation.

60.  Answering Paragraph 60, the County denies that it treated plaintiff in the manner described above and on that basis denies this allegation.

61.  Answering Paragraph 61, the County admits that County employee's interactions with plaintiff were under color of law.  The County lacks sufficient knowledge regarding every action taken by County employees to determine whether each action was taken pursuant to unnamed policies, customs and practices and on that basis denies remaining allegations.

62.  Answering Paragraph 62, no response is required.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT**

63. Answering Paragraph 63, denies all allegations in this paragraph.

64. Answering Paragraph 64, denies all allegations in this paragraph.

65. Answering Paragraph 65, denies all allegations in this paragraph.

66. Answering Paragraph 66, denies all allegations in this paragraph.

67. Answering Paragraph 67, denies all allegations in this paragraph.

Defendants further state by way of Affirmative Defenses as follows:

## **AFFIRMATIVE DEFENSES**

68. The Second Amended Complaint and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against these answering Defendants.

69. The Second Amended Complaint fails to state a cause of action against this answering Defendant, for, pursuant to *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, there can be no recovery for federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom, policy or practice.

70. Plaintiff's allegations do not support the existence of a custom or policy, or failure to train, of the kind of duration and consistency that is necessary under *Monell* and *City of Canton v. Harris*, (1989) 489 U.S. 378, 392.

71. Defendant's actions with respect to this plaintiff occurred within the scope of this Defendant's official duties and Defendant had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiff's rights at the time they were committed. Defendant is therefore entitled to qualified immunity.

72. Any harm which came to Plaintiff was a direct and proximate result of Plaintiff's own actions.

75. Plaintiff failed to exhaust all administrative remedies as required by the Prison Litigation Reform Act.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT
10.

76.   Defendant alleges that its conduct, if any, was not extreme and outrageous conduct, not were its actions undertaken with the intention of causing, or reckless disregard of the probability of causing, emotional distress.

77.   The County cannot be held liable for punitive or exemplary damages, in any sum, or at all.

78.   Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988 or otherwise because he is a *pro se* litigant.

79.   The complaint is barred by the applicable statute of limitations.

79.   Defendant is entitled to all other applicable immunities provided by federal law not specifically set forth herein and specifically reserve the right to add or to amend this answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, Defendant prays as follows:

1.  That Plaintiff takes nothing by reason of his Civil Rights Complaint, that judgment be rendered in favor of Defendants;

2.  That Defendant be awarded its costs of suit incurred in defense of this action; and attorney's fees pursuant to 42 U.S.C. Section 1983; and

3. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant, by and through its undersigned attorney hereby demands a trial by jury as to all issues so triable herein.

Dated:  May 5, 2014                         MICHAEL C. GHIZZONI
                                            COUNTY COUNSEL


                                            By: ___/s/_____
                                            Lisa A. Rothstein
                                            Sr. Deputy County Counsel
                                            Attorneys for Defendant
                                            COUNTY OF SANTA BARBARA

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

## DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Santa Barbara, California.

On May 5, 2014, I served a true copy of the within **COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT** on the interested parties in this action by:

☒   by mail.  I am familiar with the practice of the Office of Santa Barbara County Counsel for the collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with the ordinary course of business, the above mentioned documents would have been deposited with the United States Postal Service, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

Kenneth Richard Barber, Jr.
P-43791 / Calipatria State Prison
P.O. Box 5001
Calipatria, CA  92233

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 5, 2014, at Santa Barbara, California.

_____
/s/
Sue Collisson

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**COUNTY OF SANTA BARBARA'S ANSWER TO SECOND AMENDED COMPLAINT**
12.