UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4645 DMG (MRW) | Date | June 26, 2014 |
|---|---|---|---|
| Title | Barber v. Santa Barbara County et al. | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**       (IN CHAMBERS) ORDER RE: ISSUANCE OF SUBPOENAS

       1.       Plaintiff previously presented a subpoena to the Clerk's Office for signature and seal. (Docket # 43, 50.) That procedure complied with Federal Rule of Civil Procedure 45(a)(3), a rarely-used provision that allows a non-attorney litigant to use subpoenas to obtain discovery or attendance at trial of third party witnesses. The procedure is not used often because (a) prison litigants typically seek discovery from named defendants pursuant to other procedural devices, and (b) prisoners are liable for the costs of compliance with Rule 45 subpoenas. See Tedder v. Odel, 890 F.2d 210, 212 (9th Cir. 1989).

       The Court concludes that Plaintiff is entitled to the issuance of the subpoena as requested. The Clerk is therefore directed to sign the proposed subpoena and return it to Plaintiff directly.

       2.       Plaintiff also submitted additional objections to the Court's previous denial of his request for a writ compelling the state superior court to release materials from his murder trial. (Docket # 50 at 16.) The objections are overruled. Plaintiff fails to present any compelling basis for this federal court to intervene in the state criminal proceedings. See See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Further, Plaintiff is not entitled to use this civil action to gain "back-door" access to items sealed in his homicide case. On that basis, Plaintiff's resubmitted request for a writ is denied. (Docket # 48.)

       3.       Plaintiff's request to extend the deadline by which to seek to amend his complaint is granted. (Docket # 49.) The new deadline is August 4.